**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ZINNIA I. CHEN,**

        **Plaintiff,**

**-vs-**                                          **Case No.  6:10-cv-1330-Orl-31DAB**

**SIEMENS ENERGY INCORPORATED,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR DEFAULT JUDGMENT (Doc. No. 23)**
>
> **FILED:**      **March 8, 2011**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

The motion, filed by the *pro se* Plaintiff under the signature of "Zinnia I. Chen a/k/a InsideOut Charitable's Incorporated" (Doc. No. 23 at p. 7), seeks entry of a default judgment based on asserted failures on Defendant's part to timely file the Certificate of Interested Persons ordered by the Court, and the filing of motions to dismiss instead of an answer. As neither ground can support the entry of a default judgment, it is **respectfully recommended** that the motion be **denied.**

Obtaining a default judgment is normally a two-step process. The moving party first must show "by affidavit or otherwise" that another party is in default. That is, upon a showing that a party against whom judgment is sought fails "to plead or otherwise defend," the Clerk will make an "entry

of default" on the docket. F.R.Civ.P. 55(a).  Thereafter, a party may seek a "judgment by default" (also referred to as a "default judgment"). F.R.Civ.P. 55(b).  Here, there is no entry of a default and no showing that Defendant has failed to plead or otherwise defend.  In fact, the record shows just the opposite.

Plaintiff filed her First Amended Complaint on February 18, 2011 (Doc. No. 19), and Defendant filed a Motion to Dismiss that complaint on March 3, 2011 (Doc. No. 22).  The motion to dismiss was thus timely filed and purports to comport with Rule 12(b), which provides, in pertinent part:

> (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> (1) lack of subject-matter jurisdiction;
> (2) lack of personal jurisdiction;
> (3) improper venue;
> (4) insufficient process;
> (5) insufficient service of process;
> (6) *failure to state a claim upon which relief can be granted*; and
> (7) failure to join a party under Rule 19.
> *A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. . . .*

F.R.Civ.P.12  (emphasis added).  To date, the motion to dismiss remains pending and an answer is, therefore, not yet due.  As Defendant has clearly otherwise defended, to the extent Plaintiff contends that the absence of an answer warrants entry of default, she is mistaken.

Plaintiff fares no better with her contention that Defendant should be defaulted for failing to file its Certificate of Interested Persons.  While sanctions, including default, may be imposed on litigants to punish those guilty of "willful bad faith and callous disregard" of court directives, the decision to enter a default judgment is "the last resort-ordered only if noncompliance is due to willful or bad faith disregard of court orders."  *See Adolph Coors Co. v. Movement Against Racism and the Klan,* 777 F.2d 1538, 1542 (11th Cir. 1985).  Here,  following the first appearance of Defendant in

this suit, the Court ordered Defendant to file a certificate of interested persons and corporate disclosure statement, within 14 days of January 31, 2011 (Doc. No. 14). Defendant did so (Doc. No. 18). Thus, there is no failure to timely file the statement and *no* noncompliance, let alone a showing of noncompliance that was willful and in bad faith. Indeed, even if Defendant had failed to timely file, such an omission, without more, would not warrant entry of the last resort sanction of a default judgment.[1] Plaintiff's position is completely without merit and borders on frivolous.

A final word is in order. To the extent Plaintiff's signature indicates that she is attempting to represent a corporate entity in this action, she is advised that corporations can only appear through counsel admitted to practice in this Court. Local Rule 2.03(e). Plaintiff is authorized to represent only herself in this action, and no other person or entity. As such, the *only* Plaintiff recognized to date is Ms. Chen and any other entity or person may not participate as a party plaintiff in this matter absent an appropriate appearance and, if needed, leave of court.

It is **respectfully recommended** that the motion be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 9, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] To the extent Plaintiff appears to contend that Defendant was somehow responsible for filing the certificate before being served with the Complaint or appearing in this matter, she is also mistaken.