# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ZINNIA I. CHEN,

          **Plaintiff,**

-vs-                             **Case No. 6:10-cv-1330-Orl-31DAB**

SIEMENS ENERGY INCORPORATED,

          **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. No. 22)** |
| **FILED:** | **March 3, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED, in part**.

### History

       The *pro se* Plaintiff filed an Amended Complaint on February 18, 2011, against her former employer ("Siemens") alleging that Siemens "engaged in deliberate and unlawful discriminatory practices against female Asian Plaintiff Chen premised wholly upon race, national origin, religion, retaliation, sex and compensation issues" (Doc. No. 19). The Amended Complaint references and incorporates a voluminous exhibit, which appears to be her filing with the Equal Employment Opportunity Commission (Doc. No. 19 at ¶21, Exhibit A).

On March 3, 2011, Defendant filed the instant motion to dismiss, contending that the

Amended Complaint failed to meet the pleading standards and failed to state a claim for relief (Doc.

No. 22).   On March 31, 2011, the Court noted that Plaintiff had not filed a response to this motion,

and Plaintiff was ordered to show cause in writing why the motion should not be granted, as

unopposed (Doc. No. 26).  Plaintiff filed a somewhat unintelligible response to the show cause Order

(Doc. No. 29), which takes issue with the "gruesome tactics" of the Court in requiring her to respond

to a "bogus motion to dismiss filed out of time." *Id.*[1]  Neither this response nor any other paper filed

on Plaintiff's behalf purports to address the merits of the motion to dismiss.

Procedurally, the failure to file a substantive response supports a recommendation that the

unopposed motion to dismiss be granted.  *See*  Local Rule 3.01(b).   As this conclusion is also

supported by the merits of the motion, it is **respectfully recommended** that the motion be **granted

in part,**[2] **and the Amended Complaint be dismissed, without prejudice,** as set forth below.

### Motion to Dismiss Standard

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney.

*Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986), *citing Haines v. Kerner*, 404 U.S. 519, 520-1,

92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).  Nonetheless, the complaint must include "[f]actual

---

[1] It appears, but is no means clear, that Plaintiff is attempting to restate her objection to the Report and Recommendation that her motion for default judgment be denied. *See* Doc. Nos. 24, 25. Her motion was based on an inaccurate assertion that by filing the instant motion to dismiss instead of an answer, Defendant was in default as no answer was timely filed. As the District Court has adopted that recommendation and denied her motion,  Doc. No. 28, the objection that the motion to dismiss is "bogus" in that it is untimely is not viable here.  Further, Plaintiff is simply and profoundly mistaken in her understanding of the application of the Federal Rules of Civil Procedure and the Local Rules of this Court. All parties are required to file appropriate responses to filings when the rules specify a response.  Plaintiff's certitude about the justice of her cause does not relieve her of this responsibility.  Nor is expecting her to do so in any way a gruesome procedure.

[2] The motion seeks dismissal of some claims, with prejudice.  The Court does not find this result to be warranted at this time.  As the claims set forth in the Amended Complaint fail to meet the pleading standard, the Court cannot find that the gender discrimination claim and the compensation discrimination claim are unavailable as a matter of law.  Rather, the Court recommends allowing Plaintiff one more opportunity to state a cognizable claim for relief.

Case 6:10-cv-01330-GAP-DAB   Document 30   Filed 05/03/11   Page 3 of 6 PageID 350

allegations ... [sufficient] to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (citations and internal quotations omitted).  If the facts as pleaded do not state a claim to relief that is plausible on its face, the complaint may be dismissed:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, ___ U.S.___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).  Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S. Ct. at 1964-65 (citations omitted).

Dismissal is also warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there remains a dispositive legal issue which precludes relief. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

While *pro se* pleadings are to be "liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998), it is not the Court's obligation to re-write a deficient complaint. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir.1993); *see also Olsen v. Lane*, 832 F.Supp. 1525, 1527 (M.D. Fla.1993) ( "[P]ro se litigant must still meet minimal pleading standards.").  Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 10(b)

requires a party to state claims "in numbered paragraphs, each limited as far as possible to a single

set of circumstances." Fed. R. Civ. P. 10(b).

### Issues and Analysis

Defendant moves to dismiss the Amended Complaint, contending that it does not comply with

the pleading rules and does not satisfy the *Twombly* standard in that it does not contain sufficient

factual content to support a reasonable inference that Siemens is liable for violations of Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), the Lilly

Ledbetter Fair Pay Act of 2009, 2 U.S.C. S. § 2000e-5(e)(3)(A) ("FPA"), or any other claim.

The Amended Complaint does not comply with Rule 8 or Rule 10 and is conclusory and

confusing, at best. For example, Allegation 21 reads, in its entirety:

> 21. That on or about October 8, 2007 and continuing thereafter, Defendant
> SIEMENS ENERGY INCORPORATED, acting through its employed agents
> specifically Chen's former husband / director Victor Gregory Deleon, Rocio
> Hume, Elizabeth Alstad, Kim Carpenter, Nereida Rios and Gary John engaged
> in deliberate and unlawful discriminatory practices against female Asian
> Plaintiff Chen premised wholly upon race, national origin, religion, retaliation,
> and compensation issues (Incorporated by reference are exhibit "A"
> incorporating tabs "A" through "Z", the Supplemental U.S. Equal Employment
> Opportunity Commission Intake Questionnaire" originally received by the
> "EEOC" January 2010 ).

(Doc. No. 19).

Such an allegation presents no *facts,* but is a combination of conclusions that appear to

encompass numerous unspecified acts, allegedly committed by numerous persons, at unspecified (and

"continuing") times. Plaintiff incorporates this allegation, and thus the 145 page EEOC claim

exhibit, into each of the three counts, thereby presenting the classic "shotgun" pleading. *See*

*Anderson v. District Bd. of Trustees of Cent. Fl. Community College*, 77 F.3d 364, 366-67 (11th Cir.

1996) (noting that such allegations make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."). The EEOC exhibit itself contains pages of correspondence, questionnaires, mail receipts, filings from state court proceedings, and other papers, some of which purport to set forth grievances against this Defendant presented in narrative form. No defendant faced with this avalanche of material, all purporting to be part of each claim, could be expected to decipher the claims sufficient to formulate a response. The Court agrees with Defendant that such a pleading must be dismissed.

As the claims are ill-defined due to the failure to comply with Rules 8 and 10, they cannot be evaluated under *Twombly.* The failure to isolate the allegations that are pertinent to each particular claim makes it impossible to determine whether Plaintiff has adequately taken her claim from the possible to the plausible. It is not the task of this Court to parse through the pleading and cobble together sufficient allegations to state a claim. Even construed liberally, Plaintiff's failure to define her claims by setting forth enough factual matter taken as true to suggest intentional discrimination requires dismissal. *See Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d 955, 974 (11th Cir. 2008) (finding allegations that plaintiffs were "denied promotions ... and treated differently than similarly situated white employees solely because of [ ] race" "epitomize[d] speculation" and therefore did not amount to a short and plain statement of their claim under Rule 8(a)).

As it is possible that the Complaint might be amended to state a viable cause of action, it is **respectfully recommended** that the motion be **granted, in part,** and the Complaint be **dismissed, without prejudice**. Plaintiff should be granted a final opportunity to plead a cognizable claim consistent with the pleading standards set forth above.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 3, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy