# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ZINNIA I. CHEN,**

                    **Plaintiff,**

**-vs-**                                          **Case No. 6:10-cv-1330-Orl-31DAB**

**SIEMENS ENERGY INCORPORATED,**

                      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on review of Plaintiff's Response to the Court's Order to Show Cause why this case should not be dismissed, for lack of standing (Doc. Nos. 42, 45). As set forth in the Court's show cause Order, in support of her motion to appoint counsel, Plaintiff proffered a "discharge of debtor" Order of the United States Bankruptcy Court, which indicates that Plaintiff had filed a Chapter 7 bankruptcy case (Doc. No. 37 at p.5). The Court noted that its bankruptcy court docket indicated that Plaintiff filed her bankruptcy petition on September 28, 2010, after the instant complaint was filed here. *In re: Zinnia I. Chen*, Debtor, Case No. 6:10-bk-17267-ABB. The Court further noted that Plaintiff filed a schedule of assets on October 7, 2010, and "did not list this cause of action or contingent claim. As the cause of action was not listed, there is no record of the Trustee abandoning or otherwise addressing this asset." (Doc. No. 42 at p. 2).

    Plaintiff contends that this notation is in error, and proffers what she represents is her Statement of Financial Affairs filed in conjunction with the bankruptcy proceeding (Doc. No. 45-2), in which Plaintiff listed, as follows:

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐  a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| 02-DR-4662-02DL | Child Support | Seminole County | Active |
| Title 7/CV-1330 & 09-1542 | Title 7/Civil | US Distr Ct/Sup Ct | Active |

The Court is unpersuaded that this notation establishes that Plaintiff's cause of action was, in fact, addressed by the Trustee and abandoned back to the debtor.

As noted in the prior Order, when a bankruptcy case is filed, virtually all of the debtor's assets vest in the bankruptcy estate. 11 U.S.C. § 541(a)(1). Such property includes causes of actions belonging to a debtor at the commencement of a case. *In re Upshur*, 317 B.R. 446, 452 (Bankr. N.D. Ga. 2004). "Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it." *Parker v. Wendy's Intern., Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004), *citing Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003). Under 11 U.S.C. § 554, once an asset becomes part of the bankruptcy estate, the debtor's rights in the asset are extinguished unless the asset is abandoned back to the debtor. *Id.* When a bankruptcy case is closed, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceeding remains property of the estate. *Id.* Importantly, "[f]ailure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate." *Id., citing Mobility Systems & Equip. Co. v. United States,* 51 Fed.Cl. 233, 236 (Fed.Cl. 2001) (citing cases) and *Vreugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524, 525–26 (8th Cir.1991).

A review of the bankruptcy docket indicates that Plaintiff filed the required Schedule B-Personal Property, in which she represented that as of October 7, 2010, she had a total of $2,600.00 in Personal Property assets of any and all kinds. *In re: Zinnia I. Chen*, Debtor, Case No. 6:10-bk-17267-ABB (Bkrptcy Doc. 10). Tellingly, despite the instructions to include personal property of the debtor "of whatever kind," Plaintiff did not list this cause of action or claim anywhere on this Schedule. Under the section requiring a listing of "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims," Plaintiff checked "none." *Id.* Under the catch-all category of "Other personal property of any kind not already listed" she also checked "none." *Id.* As she failed to list this contingent claim, even though her claim was actually pending in this Court at the time, she did not provide the required "estimated value" of the claim. Further, Plaintiff did not list the cause of action as being exempt on Schedule C-Property Claimed as Exempt. *Id.* Thus, as noted in the docket, the Trustee filed a Report of No Distribution, noting that "there is no property available for distribution from the estate over and above that exempted by law" and further noting: "Assets Abandoned . . $0.00." (Endorsed Docket notation dated December 19, 2010).

Although Plaintiff points to her cryptic reference to this case in her Statement of Financial Affairs, the incomplete notation is not proper disclosure of this claim and does not support a finding that the Trustee abandoned it to Plaintiff. In the first instance, the sketchy disclosure of "Title 7/CV-1330 & 09-1542" and "US Distr Ct/Sup Ct" does not serve to put anyone on notice of the instant action. The Statement specifically asked for the caption of the suit, the case number and the court location. Plaintiff's listing provided none of those things.[1] Moreover, Plaintiff failed to list or

---

[1] Although Plaintiff lists a portion of this case number (cv-1330), she fails to list the whole case number, the case style and, importantly, the name of the court and division. Even if one were to assume that Plaintiff is referring to a case filed in the Middle District, the more complete case number she cites (09-1542) refers to an unrelated case, to the extent it purports to be a case number in this Court and division.

estimate any value for the claim in her Personal Property schedule, and the Trustee failed to mention it or value it in his Report of No Distribution. Although Plaintiff asserts that the Trustee was nonetheless "fully apprised" of this claim at the Meeting of the Creditors and "touted it to be a monumental task to be undertaken by a pro se litigant" (Doc. No. 45 at 2), there is no indication of this exchange in the filed matters and, as noted, no mention of this claim in the Trustee's report. Assuming that Plaintiff did, in fact, apprise the Trustee of this claim, the failure of the Trustee to acknowledge the asset and affirmatively abandon it strongly weighs in favor of returning the matter to Bankruptcy court for clarification.

In view of Plaintiff's incorrect representation in the Schedules that she did not have any contingent claims of any nature, and in the absence of any affirmative acknowledgment of the Trustee of knowledge and abandonment of the asset, the Court can only conclude that this case remains the property of the Bankruptcy estate and, as such, Plaintiff has no standing to pursue it. It is therefore **respectfully recommended** that the case be dismissed without prejudice to the filing of a motion in bankruptcy court to reopen the case to dispose of this asset, in whatever fashion the Trustee deems appropriate.[2]

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 4, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[2] In so recommending, of course, the Court makes no finding regarding whether a motion to reopen the bankruptcy case should be granted. It is for the bankruptcy court to evaluate the merits *vel non* of such a motion and to administer the estate as it sees fit.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy